UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RENEE WILLIAMS,

Plaintiff,

-against-

FBI – BIG BROTHER WATCHING YOU; KASH PATEL; CHRISTOPHER G. RAIA,

Defendants.

26-CV-4429 (GBD)

ORDER OF DISMISSAL

GEORGE B. DANIELS, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants violated her rights. She sues the Federal Bureau of Investigation ("FBI"), FBI Director Kash Patel, and FBI Assistant Director Christopher G. Raia. By separate order dated July 7, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF No. 4.) This Court dismisses the complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

**LEGAL STANDARD**

Under the IFP statute, a federal district court must dismiss a complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The court also must dismiss a complaint when the court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, courts are obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). Still, the "special solicitude" in *pro se* cases has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. *Id.* at 475 (citation omitted).

## BACKGROUND

Plaintiff brings her claims using this Court's general complaint form. She describes the federal constitutional or statutory right that had been violated as "Spartus sequitor ventrem – freedom suit MK Ultra Project assasination neglect's coverup escape goat Cold War target individual programming remote mind control/social/politic experiment exploitation."[1] (Compl., ECF No. 1, at 2.)

The following allegations are drawn from the complaint. Since 2012, Plaintiff has been "dealing with Big Brother." (*Id.* at 5.) She describes her "proof" of surveillance as "library in Astoria Queens NY 11101 library card history on what I was learning and what and why I was being target or watched." (*Id.*) Plaintiff had a "camera or picture of (SRO) picture of smoke detector that had or was a veteran/military camera." (*Id.*) She maintains that she is "being illegal spy on by corrupted gang member state in prison in NYC and person from state prison who are working with [illegible] of government officials." (*Id.*)

Plaintiff alleges that "emergencies room within 4 borough of New York . . . done some illegal surgery toward my genital area (stomach) lower left side after my C-Section" and that she lost her mother to "non lethal weaponry such as medicine in computer's let me calm down." (*Id.*)

---

[1] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the original unless noted otherwise.

Plaintiff further alleges,

> I'm being stalked, robbed without (paid) for hire to cause harm and death by (acting in concert) electronic rapes by hospital staffed followed within ACS system until not in there care[.] I've believe that FBI Agent's are acting like psychiatrist gyn doctors to humiliate/intimidate/scared me. Kept me into isolation in sex crime using teledildonic cyberdildonic sex sex scandals, sex exploitation with supervised community people on parole/protection or ACS case stalking harassing myself in family. FBI came to 448 Amboy St Bk NY and 215 Sackman St Liberty and Glenmore Ave in did nothing in before that I was being torture followed after leaving ACS hospitals.

(*Id.* at 6.)

## PLAINTIFF'S COMPLAINT IS DISMISSED

### A. Plaintiff's claims are frivolous

The IFP statute requires a court to dismiss a complaint, or a portion of the complaint, if it determines that the action is frivolous or malicious under 28 U.S.C. § 1915(e)(2)(B)(i). "[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." *Livingston*, 141 F.3d at 437 (internal quotation marks and citation omitted)); *see also Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact.").

"[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' – that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32–33, and finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks).

Moreover, this Court has "no obligation to entertain pure speculation and conjecture." *Id.* at 368. Rather, a complaint must include a factual basis in support of the complaint's claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) ("Factual allegations must be enough to raise

a right to relief above the speculative level[.]" (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed.2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."))).

Plaintiff's complaint is premised upon her belief that she is the subject of a decades-long campaign of stalking, assaults, and medical procedures involving doctors and other private individuals that is orchestrated by the FBI. These allegations amount to conclusory allegations and suspicions that are "wholly incredible." *Denton*, 504 U.S. at 33. Accordingly, this Court finds that Plaintiff does not provide any plausible factual support for her claims and that they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437.

This Court therefore dismisses the complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke*, 490 U.S. at 322–323 (noting that the IFP statute "authoriz[es] *sua sponte* dismissal of an *in forma pauperis* complaint 'only if the petitioner cannot make any rational argument in law or fact which would entitle him or her to relief'").

**B. Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's complaint does not suggest that she is in possession of facts that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (holding that the district court did not err in dismissing a claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to a different result). Because the defects in Plaintiff's complaint cannot be cured with an amendment, this Court declines to grant Plaintiff leave to amend.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

This Court denies Plaintiff's application for the court to request *pro bono* counsel as moot. (ECF Nos. 6, 9.) The Clerk of Court is directed to close the open motions at ECF Nos. 6 and 9.

This Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See* *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to enter judgment dismissing this action.

SO ORDERED.

Dated: SEP 09 2026
New York, New York

George B. Daniels
GEORGE B. DANIELS
United States District Judge